IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

**KARL GOENS,**                  CASE NO. 3:22 CV 2115

    Plaintiff,

    v.                                JUDGE JAMES R. KNEPP II

**COMMISSIONER OF SOCIAL SECURITY,**

    Defendant.            **MEMORANDUM OPINION AND ORDER**

### INTRODUCTION

Plaintiff Karl Goens seeks judicial review of an adverse Social Security benefits decision under 42 U.S.C. § 405(g). This case was referred to Magistrate Judge Darrell A. Clay for a Report and Recommendation ("R&R") under Local Civil Rule 72.2(b)(2). Judge Clay recommends this Court affirm the Commissioner's final decision. (Doc. 14). Plaintiff filed objections to the R&R (Doc. 15), and the Commissioner filed a response thereto (Doc. 16). For the reasons set forth below, the Court overrules Plaintiff's objections, adopts the R&R, and affirms the Commissioner's decision.

### PROCEDURAL BACKGROUND

Plaintiff filed for disability insurance benefits/supplemental security income in May 2020 alleging a disability onset date of October 13, 1972. *See* Tr. 24. Following the administrative process, an administrative law judge ("ALJ") issued a written decision on July 13, 2021, finding Plaintiff not disabled. (Tr. 24-36). This appeal ultimately followed. (Doc. 1).

Plaintiff raised two related arguments regarding the ALJ's decision. First, he argued the ALJ erred in failing to evaluate whether his seizure disorder met Listing 11.02 for epilepsy.

Second, he argued the RFC was not supported by substantial evidence because it did not account for his seizure disorder and the ALJ improperly discounted his seizures as the result of treatment noncompliance without considering possible reasons for that noncompliance.

In his R&R, Judge Clay concluded the ALJ's error in failing to evaluate whether Plaintiff met Listing 11.02 was harmless, because Plaintiff did not meet his burden to demonstrate a substantial question about whether he could meet the listing. He further concluded the ALJ's reliance on, and evaluation of, Plaintiff's treatment noncompliance was not error. He recommends the Court affirm the Commissioner's decision. *See* Doc. 14.

## STANDARD OF REVIEW

Under the relevant statute:

> Within fourteen days of being served with a copy [of a Magistrate Judge's R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court. A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made.

28 U.S.C. § 636(b)(1); *see also* FED. R. CIV. P. 72(b)(2)-(3).

In Social Security cases, the Court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997); *see also* 42 U.S.C. § 405(g). "Substantial evidence is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007) (quoting *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 534 (6th Cir. 2001)). If the Commissioner's findings of fact are supported by substantial evidence, those findings are conclusive. *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006).

# DISCUSSION[1]

Plaintiff raises two objections to the R&R. First, as to the Listing, he argues the R&R fails to provide any authority for the conclusion that Plaintiff did not point to sufficient evidence showing he could reasonably meet Listing 11.02B, "nor . . . does his analysis follow the language of the listing." (Doc. 15, at 1). Second, and relatedly, he argues the R&R improperly required an "express" link between evidence of mental illness and medication noncompliance. As discussed below, the Court finds the R&R's analysis correct and thoroughly explained, and as such, overrules Plaintiff's objections.

<u>Listing 11.02</u>

Listing 11.02B – the subsection of the listing upon which Plaintiff's objection focuses – requires: "Epilepsy, documented by a detailed description of a typical seizure and characterized by . . . [d]yscognitive seizures (see 11.00H1b), occurring at least once a week for at least 3 consecutive months (see 11.00H4) despite adherence to prescribed treatment (see 11.00C)". 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.02B. Internally-referenced Section 11.00C regarding adherence to treatment provides:

> C. How do we consider adherence to prescribed treatment in neurological disorders? In 11.02 (Epilepsy) . . . we require that limitations from these neurological disorders exist despite adherence to prescribed treatment. "Despite adherence to prescribed treatment" means that you have taken medication(s) or followed other treatment procedures for your neurological disorder(s) as prescribed by a physician for three consecutive months but your impairment continues to meet the other listing requirements despite this treatment.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00C. And 11.02H4d provides:

---

1. Neither party objects Judge Clay's summary of the medical record. Because the Court incorporates the R&R into this Opinion, it need not repeat Plaintiff's medical history, which was thoroughly described by Judge Clay.

> d. We do not count seizures that occur during a period when you are not adhering to prescribed treatment without good reason. When we determine that you had good reason for not adhering to prescribed treatment, we will consider your physical, mental, educational, and communicative limitations (including any language barriers). We will consider you to have good reason for not following prescribed treatment if, for example, the treatment is very risky for you due to its consequences or unusual nature, or if you are unable to afford prescribed treatment that you are willing to accept, but for which no free community resources are available. We will follow guidelines found in our policy, such as §§ 404.1530(c) and 416.930(c) of this chapter, when we determine whether you have a good reason for not adhering to prescribed treatment.

20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00H4d.

Plaintiff contends he has raised a substantial question about whether he meets Listing 11.02B because he had a documented observed seizure in April 2020 and reported continued seizures thereafter. But the Court finds Plaintiff has not pointed to evidence to demonstrate a substantial question about the cited Listing's requirement of "[d]yscognitive seizures . . . occurring at least once a week for at least 3 consecutive months . . . despite adherence to prescribed treatment". 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.02B. That is, Plaintiff has not pointed to evidence of a three-month period in which he was both compliant with treatment and suffering weekly seizures. As the Commissioner points out, at Plaintiff's April 2020 hospital visit, he was assessed with breakthrough seizures secondary to alcohol intoxication (Tr. 515, 528), and in January 2021, he admitted medication noncompliance (Tr. 1345) ("As per patient he ran out of his medications for the last 3 to 4 months, has not taken any seizure medication since then."). Further, at his June 2020 hospital visit, Plaintiff reported taking his medication only once per day rather than twice. (Tr. 675).[2]

---

2. Although Plaintiff points to some contrary evidence that he was, at times, compliant (Doc. 15, at 4) ("[F]ollowing at least one possible witnessed seizure, [Plaintiff's] blood seizure medication levels were checked and 'appropriate', "suggesting his seizures occurred even when compliant with medications"), the Commissioner correctly responds that in this same treatment note, Plaintiff "had an elevated blood alcohol level in the ED, neurology evaluated patient and believe that

Reasons for Medication Noncompliance

As to the second related argument, Plaintiff points to evidence of limited or poor insight, impaired judgment, and memory issues to argue there is a sufficient link between Plaintiff's mental health issues and his treatment noncompliance issues such that it should have been addressed by the ALJ and "reasonably qualify as 'good reasons' for his failure to follow prescribed treatment under Listing 11.02." *See* Doc. 15, at 8-9. In his objection, Plaintiff cites evidence providers observed him to have had limited or impaired insight and judgment, that his treatment plan included increasing self-sufficiency by getting healthcare needs met, and that he was not compliant with mental health medication management. (Doc. 15, at 8). But the Court agrees with the R&R's conclusion that the ALJ considered Plaintiff's reasons "but determined they were not sufficient to justify his noncompliance". (Doc. 14, at 32).

Further, the Court finds the R&R appropriately applied Sixth Circuit case law on this issue. In *White v. Commissioner of Social Security*, the Sixth Circuit explained: "For some mental disorders, the very failure to seek treatment is simply another symptom of the disorder itself." 572 F.3d 272, 283 (6th Cir. 2009) (citing *Pate–Fires v. Astrue*, 564 F.3d 935, 945 (8th Cir. 2009)). In *Pate–Fires*, the Eighth Circuit case upon which *White* is based (and which involved medication noncompliance), the court noted that "federal courts have recognized a mentally ill person's noncompliance with psychiatric medications can be, and usually is, the result of [the] mental

---

alcohol use decreased seizure threshold." *See* Tr. 713; *see also* 20 C.F.R. Pt. 404, Subpt. P, App. 1, § 11.00C ("'Despite adherence to prescribed treatment' means that you have taken medication(s) *or followed other treatment procedures for your neurological disorder(s) as prescribed by a physician*"). Plaintiff had been advised to avoid alcohol. *See* Tr. 469, 716. And, regardless, a single example is not sufficient to raise a substantial question as to whether Plaintiff was compliant and still suffering weekly seizures for a three-month period as the Listing requires.

impairment [itself] and, therefore neither willful, nor without a justifiable excuse." *Pate–Fires*, 564 F.3d at 945 (internal citation omitted) (alterations in original). The Eighth Circuit later clarified its position and held that noncompliance by mentally ill claimants will be justified when there is "evidence expressly linking [plaintiff's] mental limitations to such repeated noncompliance." *See Wildman v. Astrue*, 596 F.3d 959, 966 (8th Cir. 2010) ("[U]nlike in *Pate–Fires*, there is little or no evidence expressly linking [plaintiff's] mental limitations to such repeated noncompliance."). The Court agrees with the R&R's conclusion that the evidence cited by Plaintiff does not provide this link. As such, Plaintiff's second objection is overruled. That the R&R's conclusion regarding medication noncompliance was supported further confirms that Plaintiff has not identified a "substantial question" as to whether he could meet Listing 11.02.

## Conclusion

For the foregoing reasons, Plaintiff's objections are OVERRULED, Judge Clay's R&R (Doc. 14) is ADOPTED as the Order of this Court, and the Commissioner's decision is AFFIRMED.

IT IS SO ORDERED.

                                                s/ *James R. Knepp II*
                                                UNITED STATES DISTRICT JUDGE